**In re WEEKLEY HOMES, Relator.**

No. 04–98–00518–CV.

Court of Appeals of Texas, San Antonio.

Sept. 23, 1998.

112

John Burchfield, Law Office of Joh Burch-
field, P.C., Sugar Land, for Appellant.

Gary F. Churak, San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice and SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

Weekley Homes, Inc. seeks a writ of mandamus to compel the trial court to vacate its order denying Weekley Homes' motion to Stay Proceedings and Compel Arbitration. We conditionally issue the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

John Jennings and Eileen Rawitz purchased a home from Weekley Homes, Inc. Dissatisfied with the home, Jennings and Rawitz filed suit against Weekley. Weekley moved to stay the proceedings and compel arbitration pursuant to a clause in the Real Estate Purchase Agreement which requires binding arbitration under the Federal Arbitration Act. However, the Purchase Agreement also provides:

The parties shall first mediate the Dispute in accordance with the Construction Industry Mediation Rules of the AAA. Mediation of the Disputes is an express condition precedent to the arbitration of the Disputes.

In accordance with this provision, the trial court denied Weekley's motion and ordered the parties to mediation. Weekley appealed, and this court affirmed, holding that, although Weekley presented evidence that the Purchase Agreement included an arbitration provision and the plaintiffs' claim fell within the scope of that provision, Weekley did not present any evidence that it had complied with the condition precedent to arbitration by mediating the dispute. *Weekley Homes, Inc. v. Jennings*, 936 S.W.2d 16, 18 (Tex. App.—San Antonio 1996, writ denied).

After the mandate issued in *Weekley* I, Weekley filed a second motion to Stay Proceedings and Compel Arbitration. Unlike the first motion, Weekley's second motion was supported by evidence of the Purchase Agreement and its applicability to the plaintiff's claims, and Weekley's attorney's affidavit stating the case had been mediated but had failed to settle. Jennings and Rawitz urged the court to deny the motion because 1) Weekley fraudulently induced the Purchase Agreement; 2) Weekley waived the arbitration provision by not mediating before filing its first motion to compel arbitration; and 3) Weekley waived the arbitration provision by appealing the court's order denying the first motion to compel arbitration instead of mediating at that time as ordered by the court.

Judge Frank Montalvo denied Weekley's motion, stating "performance by the Plaintiffs was excused because Defendant waived its right to compel arbitration by failing to comply with the condition precedent which required mediation prior to Defendant's first motion to stay proceedings and compel arbitration."

### REQUIREMENTS FOR GRANTING A WRIT OF MANDAMUS

██ A writ of mandamus will issue only if the relator establishes the trial court abused its discretion and relator does not have an adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). A reviewing court may not disturb the trial court's resolution of factual issues, even if the reviewing court would have decided differently, unless the resolution is shown to be arbitrary and unreasonable. *Id.* A trial court's resolution of a factual issue is arbitrary and unreasonable if the relator establishes that the trial court could reasonably have reached only one decision. *Id.* at 840. However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to facts." *Id.* Failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Id.*

██ ·"There is no adequate remedy by appeal for denial of the right to arbitrate, be-

cause the very purpose of arbitration is to avoid the time and expense of a trial and appeal." *In Re Bruce Terminix Co.*, 41 Tex. Sup.Ct. J. 941, 941, 1998 WL 288930, at *1, —— S.W.2d ——, —— (June 5, 1998). Mandamus is therefore the appropriate means to challenge an order denying arbitration pursuant to the Federal Arbitration Act. *See id.*

## WAIVER

■■■ Waiver of a right to arbitration may occur either by the terms of the contract or through the conduct of the waiving party. *See EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex.1996). Here, nothing in the Purchase Agreement provided for waiver of a party's arbitration right if that party failed to mediate a dispute before compelling arbitration. Furthermore, waiver cannot be inferred from Weekley's conduct in this case because Weekley has continued to act consistently with its right to arbitrate.

■■■ The Federal Arbitration Act "imposes a strong presumption against waiver." *Terminix*, 41 Tex. Sup.Ct. J. at 942, 1998 WL 288930, at *2, —— S.W.2d at ——; *see also EZ Pawn*, 934 S.W.2d at 89. "Waiver of an arbitration right must be intentional," and waiver may be implied from conduct "only if the facts demonstrate that the party seeking to enforce arbitration intended to waive its arbitration right." *EZ Pawn*, 934 S.W.2d at 89 (citing *Merrill Lynch v. Eddings*, 838 S.W.2d 874, 879 (Tex.App.—Waco 1992, writ denied)). After litigation has begun, waiver "will be found only when the party seeking to enforce the agreement substantially invokes the judicial process," acting "inconsistently with the agreement," and the conduct prejudices the other party. *Id.*

Judge Montalvo found that Weekley waived its arbitration rights by not attempting mediation before filing its first motion to compel arbitration. However, the Purchase Agreement's arbitration provision does not state, expressly or impliedly, the right to arbitrate is waived if the dispute is not mediated before invoking the clause. Therefore, any waiver must be inferred from Weekley's conduct. *See EZ Pawn*, 934 S.W.2d at 89. But the record reflects Weekley consistently attempted to invoke its arbitration rights.

■■■ Jennings and Rawitz also assert Weekley waived its right to arbitration by appealing the court's denial of Weekley's first motion to compel arbitration, instead of beginning mediation immediately. However, appealing the trial court's order is not inconsistent with Weekley's claimed right to arbitrate. Accordingly, appealing the trial court's order is not a fact from which waiver can be inferred. *See In Re Bruce Terminix Co.*, 41 Tex. Sup.Ct. J. at 943, 1998 WL 288930, at *3, —— S.W.2d at —— (Tex. June 5, 1998) (burden of initiating arbitration proceedings under AAA rules is on claimant and Terminix did not waive right to arbitrate by not initiating arbitration proceedings after trial court granted its motion to compel arbitration).

■■■ Finally, Jennings and Rawitz argue Weekley waived its right to arbitrate by not mediating the dispute before seeking to invoke the arbitration provision, thus releasing them from the arbitration provision. We disagree. Once it is determined parties are obligated to submit the subject matter in dispute to arbitration, procedural questions growing out of the dispute and bearing on its final disposition are left to the arbitrator. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). Procedural questions include whether procedures have been followed or excused and whether an unexcused failure to follow such procedures allows a party to avoid the duty to arbitrate. *Id.* Accordingly, Jennings' and Rawitz's contention that Weekley's failure to perform a condition precedent released them from the arbitration provision is a procedural question the arbitrator should address. *See id.*

The record does not support a finding that Weekley waived its rights to arbitration. Consequently, we hold the trial court abused its discretion by denying Weekley's motion to compel arbitration based on waiver.

## FRAUDULENT INDUCEMENT

■■■ Jennings and Rawitz also argue the trial court correctly refused to enforce the arbitration provision because the entire contract was fraudulently induced. However, an

allegation the contract itself was fraudulently induced is a matter to be decided by the arbitrator. *Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 930 (Tex.App.—Houston [1st Dist.] 1996, no writ) (citing *New Process Steel Corp. v. Titan Indus.Corp.*, 555 F.Supp. 1018, 1022 (S.D.Tex.1983)). Fraudulent inducement thus cannot support the trial court's order denying Weekley's motion to compel.

### CONCLUSION

We hold the trial court abused its discretion in finding Weekley waived its right to arbitration and therefore conditionally grant Weekley Homes, Inc.'s petition for a writ of mandamus. However, because the Honorable Michael Peden is the permanent judge of the 285th Judicial District Court, the writ must issue against him. *See Humana Hosp. Corp. v. Casseb*, 809 S.W.2d 543, 544 n. 1 (Tex.App.—San Antonio 1991, orig. proceeding). We therefore order Judge Peden to vacate the order denying arbitration within five days of the date of this opinion. A writ of mandamus will issue only if Judge Peden fails to act in accordance with this opinion.