**In re CHOICE HOMES, INC., Micky May, and James B. White.**

No. 14–04–01008–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 30, 2005.

Edward L. Friedman, Gretchen Susanne Agena, S. Shawn Stephens, Scott Kneeland Davidson and Tara Beaudoin Hittelman, Houston, TX, for Appellants.

Howard T. Dulmage, James L. Ware and Joseph A. Garnett, Houston, TX, for Appellees.

Panel consists of Justices FROST, SEYMORE, and GUZMAN.

## MAJORITY OPINION

KEM THOMPSON FROST, Justice.

In this mandamus proceeding, the relators, a homebuilding company, one of its current employees, and a former employee, seek a writ of mandamus compelling the Honorable David E. Garner, judge of the 10th Judicial District Court of Galveston County, to compel to arbitration certain claims asserted by two former employees in the underlying litigation. Concluding that the homebuilding company lacks standing, we dismiss the petition as to its request for mandamus relief. Concluding that the arbitration agreement covers the claims in question, we conditionally grant the mandamus relief sought by the other two relators.

### I. BACKGROUND

The real parties in interest, Carl M. Bright and Dennis J. Czajka, are former employees of relator, Choice Homes, Inc., and are the plaintiffs in the underlying case. They brought suit against Choice Homes, its current employee, Micky May, and two of the company's former employees, James B. White and David A. Roskos. The plaintiffs contend that they were wrongfully terminated or constructively terminated from their employment at Choice Homes. They assert claims based on alleged statutory and common law wrongful termination, fraud, negligent misrepresentation, breach of contract, unconscionability, promissory estoppel, reformation/quantum meruit, unjust enrichment, tortious interference, negligence, defamation, invasion of privacy by disclosure of private facts, intentional infliction of emotional distress, and civil conspiracy. All four defendants filed a motion to compel arbitration, arguing that all of the claims

asserted are subject to arbitration under two identical written arbitration agreements the plaintiffs signed upon their employment with Choice Homes. Under these contracts, entitled "Election and Arbitration Agreement" (hereinafter, "Arbitration Agreement"), each of the plaintiffs agreed to resolve through binding arbitration certain disputes with Choice Homes that might arise during or after their employment. The scope and enforceability of this arbitration agreement is at the heart of this mandamus proceeding.

Following a hearing, the trial court signed an order on October 21, 2004, in which it granted the motion to compel arbitration as to all claims asserted against Choice Homes and Roskos and as to some of the claims asserted against May and White. The trial court declined to compel arbitration of two groups of claims: (1) the claims against May and White in their individual capacities based on alleged defamation, invasion of privacy, and civil conspiracy alleged to have occurred outside the scope of May's and White's employment with Choice Homes and after the plaintiff's separation from employment with Choice Homes, and (2) the claim brought by Czajka against White in his individual capacity, alleging breach of promise relating to an alleged loan of money.

The relators filed their petition for writ of mandamus, asserting the trial court misapplied the law and abused its discretion in refusing to compel arbitration of these claims. They ask this court to issue a writ of mandamus ordering the trial judge to withdraw the October 21, 2004 order and to issue a new order compelling all claims asserted by the plaintiffs to arbitration.

## II. STANDARD FOR MANDAMUS RELIEF

A writ of mandamus will issue to correct a clear abuse of discretion when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A party seeking relief from the denial of arbitration sought under the Federal Arbitration Act (hereinafter, "FAA") has no adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion by the trial court. *In re L & L Kempwood Associates, L.P.*, 9 S.W.3d 125, 128 (Tex.1999) (per curiam).

A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839. With respect to the resolution of factual issues, this means that we may not substitute our judgment for that of the trial court, even if we would have decided the issue differently. *Id.* at 839–40. Instead, we may not overturn the trial court's decision unless that court reasonably could have reached only the opposite decision. *See id.* at 840. The relator has the burden of establishing that the trial court abused its discretion. *Id.* at 839.

With respect to the resolution of legal issues, however, our review is much less deferential. *Id.* The trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* Therefore, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

## III. ANALYSIS

**Does Choice Homes have standing to seek mandamus relief?**

As a preliminary matter, we must determine if Choice Homes has standing to seek mandamus relief in this proceeding. The trial court's order unambiguously states that all claims against

Choice Homes, including all claims for vicarious liability, are ordered to arbitration. There is nothing in the record that would show Choice Homes has any interest in whether the claims at issue against White and May are compelled to arbitration. To have standing a party must be affected by the controversy at hand. *See McAllen Med. Ctr. v. Cortez,* 66 S.W.3d 227, 234 (Tex.2001). Because Choice Homes has been granted all the relief sought and will not be adversely affected if Bright's and Czajka's claims against White and May are not ordered to arbitration, Choice Homes lacks standing to challenge the trial court's refusal to order these claims to arbitration. *See IDS Life Ins. Co. v. SunAmerica, Inc.,* 103 F.3d 524, 527 (7th Cir.1996). Accordingly, we dismiss the petition for writ of mandamus as to relator Choice Homes for lack of jurisdiction.

**Did the trial court abuse its discretion in failing to send all of the plaintiffs claims to arbitration?**

■■■■ The party seeking to compel arbitration by mandamus first must show the existence of an arbitration agreement subject to the FAA. *In re J.D. Edwards World Solutions Co.,* 87 S.W.3d 546, 549 (Tex.2002) (per curiam). Once the party establishes such an agreement, it then must demonstrate that its claims fall within the scope of that agreement. *Id.* Federal policy embodied in the FAA favors agreements to arbitrate, and courts must resolve any doubts about the scope of an arbitration agreement in favor of arbitration. *In re FirstMerit Bank, N.A.,* 52 S.W.3d 749, 753 (Tex.2001). If the arbitration agreement encompasses the claims in

question and the party opposing arbitration has failed to prove its defenses,[1] the trial court has no discretion; its only option is to compel arbitration and stay its own proceedings. *Id.* at 753–54.

**Does an arbitration agreement subject to the FAA exist?**

■■■■ The parties do not dispute the Arbitration Agreement's existence or whether the arbitration agreement is governed by the FAA. By signing the Arbitration Agreement, White and Czajka agreed to abide by its terms, which incorporate by reference Article IX of the "Choice Homes, Inc. Employee Injury Benefit Plan Summary Plan Description" (hereinafter, "the Plan Description"). The Plan Description specifically provides that the FAA will govern "the interpretation, enforcement, and all judicial proceedings under and/or with respect to the Election and Arbitration Agreement." When parties agree to arbitrate under the FAA, they are not required to establish that the transaction at issue involves or affects interstate commerce. *In re Kellogg Brown & Root,* 80 S.W.3d 611, 617 (Tex.App.Houston [1st Dist.] 2002, orig. proceeding). Therefore, we conclude the Arbitration Agreement is governed by the FAA. *See id.*

**Do the claims in dispute fall within the scope of the Arbitration Agreement?**

■■■■ Because the relators have established the existence of an agreement to arbitrate subject to the FAA, we next must determine whether the Arbitration Agreement covers the claims at issue. To

---

1. In the trial court, White and Czajka asserted the defenses of procedural and substantive unconscionability, fraud, duress, and failure of consideration. They do not assert these defenses in this proceeding. The trial court implicitly rejected these defenses and found the Arbitration Agreement to be valid and enforceable by compelling arbitration of (1) all of their claims against Choice Homes and Roskos and (2) some of their claims against White and May.

determine whether these claims fall within the scope of the Arbitration Agreement, we focus on the factual allegations rather than the legal claims asserted. *Prudential Sec. Incorp. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995). When considering the Arbitration Agreement, we must give "due regard" to the federal policy favoring arbitration. *Webb v. Investacorp., Inc.,* 89 F.3d 252, 258 (5th Cir.1996). We are to construe arbitration clauses broadly, and when a contract contains an arbitration clause, there is a presumption of arbitrability. *See AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Any doubts as to arbitrability are to be resolved in favor of coverage. *In re First-Merit Bank,* 52 S.W.3d at 754. Likewise, we resolve any doubts about the scope of the Arbitration Agreement in favor of coverage. *Id.*

■ The relators contend the Arbitration Agreement covers any claim that exists or may exist in the future between any employee or former employee of Choice Homes. They argue the trial court erred in excluding some claims from arbitration. The issue of arbitrability involves legal questions of contract interpretation regarding the scope of the arbitration provision. Therefore, we construe the scope of an unambiguous arbitration agreement as a matter of law. *See Kline v. O'Quinn,* 874 S.W.2d 776, 782 (Tex.App.-Houston [14th Dist.] 1994, pet. denied).

The Arbitration Agreement states:

**MUTUAL PROMISES TO RESOLVE CLAIMS BY BINDING ARBITRATION:** I recognize that disputes may arise between the Company (or one of its affiliates) and me during or after my employment with the Company. I understand and agree that any and all such disputes that cannot first be resolved through the Company's internal dispute resolution procedures or mediation must be submitted to binding arbitration.

**I acknowledge and understand that by signing this Agreement I am giving up the right to a jury trial on all of the claims covered by this agreement** in exchange for eligibility for the Plan's medical, disability, dismemberment and death benefits and in anticipation of gaining the benefits of a speedy, impartial, mutually-binding procedure for resolving disputes.

This agreement to resolve claims by arbitration is mutually binding upon both me and the Company (and its affiliates), and it binds and benefits our successors, subsidiaries, assigns, beneficiaries, heirs, children, spouses, parents and legal representatives.

. . .

**CLAIMS SUBJECT TO ARBITRATION:** Claims and disputes covered by this Agreement include:

(A) all claims and disputes that *I* may now have or may in the future have against the Company and/or its successors, subsidiaries and affiliates and/or any of their officers, directors, shareholders, partners, owners, employees and agents, or against any Company employee benefit plan (including the Plan) or the plans administrators or fiduciaries. . . .

The scope of the Arbitration Agreement is broad. It covers all current and future claims and disputes that Bright and Czajka have against Choice Homes and any of its employees and agents. The Arbitration Agreement states that it covers many types of claims, including but not limited to tort claims, claims for personal or bodily injury or physical, mental, or psychological injury, without regard to whether such injury was sustained on the job. The Arbitration Agreement excludes from its

scope only criminal complaints and proceedings and claims before the Texas Workforce Commission for unemployment benefits, neither of which is applicable in this case.

■ In their factual allegations, Bright and Czajka assert that May and White made false, defamatory statements about them. Bright and Czajka do not provide much factual support for their defamation claims, but Bright alleges that after her termination, employees and agents of Choice Homes made defamatory statements about her, accusing her of violating Choice Homes's policies. Czajka claims employees and agents of Choice Homes, specifically White and May, made defamatory statements about him, which he claims has prevented him from finding new employment. Bright and Czajka do not describe the substance of the alleged defamatory remarks, nor do they state exactly when or to whom they were made.

■ Bright and Czajka also claim that White and May invaded their privacy by disclosing private information about them to third parties while and after Bright and Czajka were employed by Choice Homes. Bright claims that White has disclosed details about her termination to third parties. In asserting these claims, Bright and Czajka do not describe the private information allegedly disclosed, state the reason for disclosure, or identify to whom or precisely when the information was disclosed. Based on the pleadings, it appears that the plaintiffs' invasion-of-privacy claims are grounded on alleged disclosures relating to their employment or termination that occurred before or after the plaintiffs' employment was terminated.

■ In their civil conspiracy allegation, Bright and Czajka assert that "the defendants conspired to commit tortious acts against them. They allege that the Defendants announced their plans to commit torts against Plaintiffs" and "agreed on a course of action and committed unlawful and overt acts." These allegations are vague and provide no details about the factual bases for these assertions.

■ In addition, Czajka alleges that, in exchange for a personal loan of $10,000 by Czajka to White, White promised to move Czajka to any of Choice Homes's subdivisions where White served as Community Manager, if Czajka wanted to work there. Czajka bases this breach-of-promise claim on White's alleged refusal to bring him to Galveston County as an employee of Choice Homes after White moved there. Based on Czajka's pleadings, it appears that his breach-of-promise claim against White arose prior to his termination and relates to Czajka's employment with Choice Homes.

In light of the Arbitration Agreement's broad language, all of Bright's and Czajka's factual allegations fall within the Arbitration Agreement's scope. Czajka and White do not allege many specific facts regarding their claims for defamation, invasion of privacy, and conspiracy. The defamation and invasion-of-privacy claims seem to involve White and May allegedly commenting on the reasons why Choice Homes terminated Bright and Czajka. The civil conspiracy claims seem to address White's and May's alleged violations of company policy. Czajka's breach-of-promise claim relates directly to his employment with Choice Homes. Evaluating the factual allegations in light of the broad scope of the Arbitration Agreement, we conclude that the claims in question are covered by the agreement because they are a subset of all current and future claims and disputes that Bright and Czajka have against any employee or agent of Choice Homes.

The claims and disputes covered by the Arbitration Agreement include all claims and disputes Bright and Czajka had at the time of signing or might have in the future against Choice Homes or any of its employees. The record reveals that both White and May were employees of Choice Homes at the time Bright's and Czajka's claims accrued. As third-party beneficiaries, White and May can enforce the Arbitration Agreement.

Bright and Czajka argue that the Arbitration Agreement does not apply to the claims in question because their claims involve torts allegedly committed solely between individuals, which allegedly occurred after their employment with Choice Homes, and are based on alleged acts that were outside the course and scope of White's and May's employment. Bright and Czajka also contend that the tort claims at issue are not subject to the Arbitration Agreement because they do not arise out of or relate to the claims subject to arbitration and could have been maintained independently. Had they elected to do so, Bright and Czajka could have pursued these claims independently in a separate lawsuit. In the Arbitration Agreement, however, Bright and Czajka acknowledge that claims may arise "during or after" employment with the Choice Homes. The Arbitration Agreement does not require that the claims arise out of or relate to the employee's employment or that the actions giving rise to the claims have been committed in the course and scope of May's and White's employment. Giving this plain language effect, all of the claims asserted by the plaintiffs fall within the broad scope of the Arbitration Agreement.

Bright and Czajka also argue that the tort claims at issue in this mandamus action are expressly excluded from the Choice Homes, Inc. Employee Injury Benefit Plan ("Benefit Plan"). They point to a provision in the Plan Description that expressly excludes from coverage any injury "arising out of an act of a third person intended to injure the Participant because of personal reasons and not directed at the Participant as an Employee of or because of his or her employment by [Choice Homes]". This provision, however, is an exclusion from coverage by the Benefit Plan, not from the types of claims that must be arbitrated.

Accordingly, we conclude the trial court abused its discretion by not compelling the claims in question to arbitration. *See Prudential Sec.*, 909 S.W.2d at 900.

## CONCLUSION

Because Choice Homes received all relief requested in the trial court, and will not be adversely affected if Bright's and Czajka's claims are not ordered to arbitration, we conclude that Choice Homes lacks standing to seek mandamus relief. Accordingly, we dismiss the petition for writ of mandamus as to relator Choice Homes for lack of jurisdiction.

We also conclude the Arbitration Agreement covers all of the claims asserted in the plaintiff's live pleadings. By failing to compel these claims to arbitration, the trial court abused its discretion. May and White are effectively deprived of their contractual right to a speedy alternative to conventional litigation and therefore lack an adequate remedy at law. Accordingly, we conditionally grant the petition for writ of mandamus as to relators May and White. We are confident that the trial judge will comply with this ruling. The writ will issue only if the trial court does not do so.

SEYMORE, J., concurring.

CHARLES W. SEYMORE, Justice, concurring.

I concur with the majority, but write separately to express concern about the use of an Employee Injury Benefit Plan to eliminate a former employee's right to a jury trial when pursuing legal remedies against a former fellow employee for conduct wholly unrelated to or outside the course and scope of employment. Succinctly, I would discourage future litigants from contending that the majority opinion provides authority for courts to compel arbitration under those circumstances. With this reservation, I agree with the majority that we must focus on the plaintiff's factual allegations in order to determine whether the claims fall within the scope of the arbitration agreement. *Prudential Sec. Inc. v. Marshall,* 909 S.W.2d 896, 900 (Tex.1995). I concur with the majority because the appellate record supports the assertion that the described claims relate to circumstances surrounding plaintiffs employment relationships that occurred before or after plaintiffs were terminated. Moreover, arbitration of disputes is strongly favored under federal and state law. *Id.* at 898.