Reversed and Remanded and Opinion filed July 19, 2007








Reversed and Remanded and Opinion filed July 19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00006-CV

_______________

 

APPROXIMATELY $1,589.00, Appellant

 

V.

 

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 04-72368

                                                                                                                                               


 

O P I N I O N

Appellant,
Laura Perez Ansari a/k/a Laura Perez,[1] appeals a
judgment ordering forfeiture of $1,589.00 as contraband.  In her sole issue, appellant
contends the trial court erred by refusing to hear her motion to strike deemed
admissions after finding the motion was not timely filed.  We reverse and
remand.








Background

The
State filed a Notice of Seizure and Intended Forfeiture, asserting it had
seized approximately $1,589.00 from appellant and alleging the currency was
subject to forfeiture as contraband.  After appellant filed an answer, the
State served a request for admissions.  Appellant failed to respond to the
request for admissions.  The record reflects the parties appeared for a
pre-trial conference on August 15, 2005.  At that time, appellant was advised
the State viewed the case to be in Apost answer default@ status.  Appellant represented that
she might file a motion to strike the deemed admissions.

Trial
was scheduled for October 17, 2005.  Appellant filed a motion to strike deemed
admissions on October 13, 2005Cfour days before trial.  In the motion, appellant gave notice
that the motion was set for oral hearing on October 17, 2005.  At the beginning
of the trial, appellant asked the court to first hear this motion.  The trial
court (a visiting judge presiding over this matter) suggested the motion was
not timely filed because the local rules of the Harris County District Courts
require that a motion and notice of hearing be filed and served ten days before
hearing.  Appellant argued that this requirement would improperly conflict with
the Texas Rules of Civil Procedure, which require that the motion and notice of
hearing be served three days before hearing.  See Tex. R. Civ. P. 21.  The court recessed
the trial until the following day to give counsel an opportunity to research
and brief the matter.








When the
parties appeared the next day, appellant correctly argued  that the local rules
of the Harris County District Courts require that a motion be filed at least
ten days before written submission; however, the local rules
contain no similar requirement when a motion will be considered at an oral hearing.[2] 
The State asserted that a rule imposed particularly by the 133rd District Court
of Harris County requires that a motion and notice of hearing be filed and
served ten days before oral hearing.  The State presented testimony from the
coordinator for the 133rd District Court who confirmed this rule.  Appellant
reiterated that any such rule would impermissibly alter the three-day period
prescribed by the Texas Rules of Civil Procedure.  However, the trial court
applied the rule described by the coordinator of the 133rd District Court and
refused to hear the motion to strike deemed admissions.[3]

The
State then offered the deemed admissions into evidence.  Based on the deemed
admissions, the trial court found that the currency at issue was contraband and
subject to forfeiture.[4]  The trial
court signed a final judgment the same day, ordering forfeiture of the
$1,589.00.  This appeal followed.

Discussion

In her
sole issue, appellant contends the trial court abused its discretion by
refusing to hear her motion to strike deemed admissions because the rule
applied by the trial court impermissibly expanded the three-day period
prescribed by the Texas Rules of Civil Procedure.  We agree.








Initially,
we note that we are presented with an unusual complaint because appellant
challenges a trial court=s refusal to hear a motion to strike deemed admissions, as
opposed to a ruling on the merits of such a motion.  We review a trial court=s ruling on the merits of a motion to
strike deemed admissions under an abuse of discretion standard.  See Stelly
v. Papania, 927 S.W.2d 620, 622 (Tex. 1996).  However, appellant does not
cite any cases establishing the standard for reviewing a trial court=s refusal to hear a motion to strike
deemed admissions on the ground that it was not timely filed.  Nonetheless, appellant
suggests that we apply an abuse-of-discretion standard.  Even if we apply an
abuse-of-discretion standard, the trial court has no discretion in determining
what the law is or in applying the law to the facts; thus, a clear failure by
the trial court to correctly analyze or apply the law constitutes an abuse of
discretion.  See In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003)
(orig. proceeding); In re Choice Homes, Inc., 174 S.W.3d 408, 411 (Tex.
App.CHouston [14th Dist.] 2005, orig.
proceeding).

The
Texas Rules of Civil Procedure provide that a motion and notice of hearing Ashall be served upon all other
parties not less than three days before the time specified for the hearing unless
otherwise provided by these rules or shortened by the court.@  Tex.
R. Civ. P. 21.  Rule 21 does not expressly require that a motion and
notice of hearing be filed at least three days before hearing.  See
id.  However, Rule 21 expressly requires that a motion and notice of
hearing be served on opposing parties at the time of filing.  See
id.  Therefore, Rule 21 effectively requires that a motion and notice of
hearing be filed at least three days before hearing, unless otherwise
provided by the Texas Rules of Civil Procedure or shortened by the court.  See
id.








With
certain limitations, a district court is permitted to make local rules.  See
Tex. R. Civ. P. 3a.  However, Ano time period provided by [the Texas
Rules of Civil Procedure] may be altered by local rules[.]@ Tex.
R. Civ. P. 3a(2).[5]  The State
suggests Rule 3a(2) precludes application of a local rule to shorten a time
period prescribed under the Texas Rules of Civil Procedure, but does not
preclude application of a local rule to lengthen a time period prescribed under
the Texas Rules of Civil Procedure.  We disagree.  Rule 3a(2) absolutely
prohibits application of a local rule that alters a time period set forth in
the Texas Rules of Civil Procedure.  See id.  Rule 3a(2) does not
distinguish a local rule that shortens a time period from a local rule that
lengthens a time period.  See id.  Therefore, the ten-day requirement
prescribed by the Alocal rule@ of the 133rd District Court improperly expanded the
three-day period prescribed under the Texas Rules of Civil Procedure. 

In
addition, although not cited by appellant, Rule 3a(6) provides that Ano local rule, order, or practice of
any court, other than local rules and amendments which fully comply with all
requirements of this Rule 3a, shall ever be applied to determine the merits of
any matter.@  Tex. R. Civ. P. 3a(6). In
this case, the trial court effectively applied a Alocal rule@ or Apractice@ of the 133rd District Court, which
did not fully comply with Rule 3a, to determine the merits of this case because
the deemed admissions were merits-preclusive.  Accordingly, the trial court
abused its discretion by applying the rule of the 133rd District Court and refusing
to hear appellant=s motion.

The
State contends that we may, nonetheless, uphold the judgment because appellant
failed to show good cause for withdrawal of the deemed admissions.  See Tex. R. Civ. P. 198.3 (providing that a
trial court may permit withdrawal of deemed admissions if (a) the party shows
good cause for the withdrawal; and (2) the trial court finds that the party
relying upon the deemed admissions  will not be unduly prejudiced and the presentation
of the merits of the action will be subserved by permitting withdrawal).  Thus,
the State contends the trial court did not abuse its discretion by refusing to
strike the deemed admissions.  However, we are not reviewing the trial court=s decision on the merits of appellant=s motion; we are reviewing the trial
court=s refusal to hear the motion. 
Because the trial court refused to hear the motion, appellant did not have an
opportunity to present any evidence and obtain a ruling.[6]








In
essence, the State seems to suggest that any improper refusal to hear appellant=s motion was harmless because, even
if the trial court had heard the motion, it would have acted within its
discretion by refusing to strike the deemed admissions.  The State asserts that
appellant=s failure to file any responses as of the trial date and her delay in
seeking to withdraw the deemed admissions precluded a finding of good cause.

However,
the Texas Supreme Court recently recognized that due process concerns arise
when, as in this case, a party uses deemed admissions to try to preclude
presentation of the merits of a case.  Wheeler v. Green, 157 S.W.3d 439,
443 (Tex. 2005) (per curiam); In re Rozelle, CS.W.3dC, No. 04-07-00061-CV, 2007 WL
1424067, at *5 (Tex. App.CSan Antonio May 16, 2007, orig. proceeding).  Therefore, a
trial court should permit withdrawal of merits-preclusive, deemed admissions if
the record contains no evidence of flagrant bad faith or callous disregard for
the rules.  See Wheeler, 157 S.W.3d at 443B44;  Rozelle, 2007 WL 1424067
at *5B6.  Because the trial court refused
to hear appellant=s motion, we do not know what evidence a whole record might
have contained relative to the standard recently articulated by the Texas
Supreme Court.  Accordingly, we cannot conclude the trial court would have
acted within its discretion by denying the motion.

Finally,
we recognize the Texas Supreme Court in Wheeler addressed due process
concerns relative to a trial court=s ruling on a motion to strike deemed
admissions that are merits-preclusive.  See Wheeler, 157 S.W.3d at 443B44.  However, we find that these due
process concerns are equally, if not more, applicable to the trial court=s refusal to even hear appellant=s motion.  We have acknowledged that
due process requires a trial court to strike deemed admissions that are
merits-preclusive, absent evidence of flagrant bad faith or callous disregard
for the rules.  Accordingly, we conclude that due process certainly requires a
trial court to consider a motion to strike deemed admissions that are
merits-preclusive to determine whether this standard is satisfied.








Because
the trial court erred by refusing to hear appellant=s motion, we reverse the judgment and
remand for further proceedings consistent with this opinion.

 

_

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Opinion filed
July 19, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.









[1]  Although AApproximately
$1,589.00" is technically the appellant in this case, we will refer to the
woman from whom that money was sought as appellant.





[2]  See Rules of the Civil Trial Division Harris County
District Courts, http://www.justex.net/Courts/Civil/LocalRules.aspx,
rule 3.3.3; rule 3.3.4.





[3]  Although the State cited, and the trial court
applied, a rule observed by the 133rd District Court, this case was actually
heard in the 157th district court by a visiting judge.  We cannot determine
from the record why the State cited, and the court applied, a rule particular
to a different district court.  We presume that, for some reason, the judge of
the 133rd District Court temporarily assumed responsibility for the 157th
District Court, although a visiting judge heard this particular case. 
Regardless of the reason the visiting judge applied the rule of a different
court, he refused to hear appellant=s
motion.





[4]  The requests for admissions are not in our record
although the State offered copies at the hearing and the trial court recited in
the judgment that copies were attached.  Nevertheless, it is undisputed that
the deemed admissions supported the forfeiture.  





[5]  Under Rule 3a, there are several prerequisites for
implementation of a local rule, including approval by the Texas Supreme Court. 
Tex. R. Civ. P. 3a.  We do not
know whether the rule at issue comported with these requirements and was
properly denominated as a Alocal rule.@  Nonetheless, we will determine whether the trial
court erred by applying a Alocal rule@ that altered the periods prescribed under the Texas
Rules of Civil Procedure.





[6]   Appellant represented in her motion that she
intended to present testimony from her attorney regarding his reasons for
failing to respond to the request for admissions.