NUMBER 13-07-031-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN RE: SSP PARTNERS


 




On Petition for Writ of Mandamus and 


Motion for Emergency Temporary Relief


 




MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Benavides



 Relator, SSP Partners, brings this petition for writ of mandamus complaining of the
trial court's order denying its motion to compel arbitration. We conclude that real party in
interest, Virginia Torres, failed to raise a valid defense to arbitration. Therefore, all of
Torres's claims should have been sent to arbitration. We conditionally grant the writ. 

I. Background

 In February 2005, Virginia Torres, a native of Mexico, applied for employment with
the Circle K convenience store ("Circle K") located on La Homa Road in Mission, Texas. 
Circle K is owned and operated by SSP Partners. Torres is illiterate in both English and
Spanish and, therefore, took the employment application home to obtain assistance from
her seventeen-year-old daughter.

 Torres went back to the Circle K with her daughter to submit the completed
employment application. At that time, Circle K agreed to hire her and asked her to fill out
an Election and Arbitration Agreement ("the Agreement"). The Agreement was in English
and was administered by two Anglo-American women who did not speak Spanish. 
Torres's daughter translated the document for her, and Torres signed it. Torres alleges
that even though the Agreement was translated, she did not understand the document or
what she was signing. 

 The Agreement is a mutual arbitration agreement and an election for SSP Partners'
Employee Injury Benefit Plan. SSP Partners is a non-subscriber under the Texas Workers'
Compensation Act and, therefore, offers its employees the Employee Injury Benefit Plan
instead. The first page of the Agreement discusses the circumstances in which an
employee is entitled to benefits under the Employee Injury Benefit Plan. The Agreement
specifically states that an employee is eligible for benefits if the injury occurs "on the job." 

 Beneath this section and continuing through the rest of the document is the
agreement to arbitrate. The Agreement provides that both SSP Partners and the
employee agree to pursue any claims and remedies that they may have against one
another in arbitration before the American Arbitration Association rather than in a judicial
forum. The parties agreed to arbitrate "any and all: . . . tort claims, including negligence,
negligence per se and gross negligence claims (including claims for personal or bodily
injury or physical, mental or psychological injury, without regard to whether or not such
injury was sustained on the job)." (emphasis added). 

 Both parties also agreed to follow any procedures that are contained within the
Summary Plan Description, which outlines the arbitration procedures. The Summary Plan
Description requires that a party seeking to invoke arbitration must first provide notice to
the opposing party and also must mediate the dispute. Failure to provide notice or mediate
the dispute prevents invocation of the Agreement. Once the Agreement has been invoked,
the Agreement provides that SSP Partners is to pay all expenses of arbitration after the
first $250, that each party will only have the right to take one deposition of one individual
and an expert witness, and that the arbitrator will be assigned by the American Arbitration
Association. 

 After signing the document, Torres began to work for Circle K. One day while off
work, Torres stopped at the Circle K to purchase some food. She was informed that her
schedule had changed. She went in the back to check the schedule, slipped on a
misplaced floor mat, and was injured. Torres applied for benefits under the plan but was
denied. 

 Torres sued SSP Partners for negligence, seeking damages for her injuries. In
response to Torres's suit, SSP Partners filed a motion to compel arbitration based on the
Agreement. Torres filed a response to the motion in which she repeatedly argued the
unconscionability of the Agreement and the Employee Benefit Injury Plan. However, she
did not attach any affidavits or other admissible evidence to support her response.

 At an evidentiary hearing on SSP Partners' motion, the trial court allowed Torres to
put on evidence, including her own testimony regarding the unconscionability of the
Agreement and the Employee Benefit Injury Plan, over SSP Partners' objection. The
relevant portion of her testimony follows:

 Q: Okay. Ma'am let me show you the [Agreement] and ask you whether
or not that is your signature. 


 A: Yes, this one. 


 Q: Okay. And - - and during your meeting with the American ladies,
American Anglo ladies, did they themselves explain the [Agreement]
to you in Spanish? 


 A: No. Like - - they spoke English.


 Q: Okay. Did you have an opportunity to bargain with regard to the
[Agreement] or the summary description? 


 A: No.


 Q: Okay. Did you, Ma'am - - did you have anything to do with drafting
those documents? 


 A: No. I only wanted to work.


 . . . .


 Q: Okay. Did they have somebody who knew how to speak Spanish
there to translate those documents to you? 


 A: No.


 After Torres's testimony and oral arguments, the trial court denied SSP Partners'
motion to compel arbitration. SSP Partners then filed this petition requesting a writ of
mandamus directing the trial court to compel Torres's claims to arbitration. We requested
a response and granted SSP Partners' motion for temporary relief, staying the trial court's
proceedings. 

II. Mandamus is the Appropriate Procedural Vehicle

 Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no adequate remedy by appeal. In re Daisy Mfg. Co.,
17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding). The Federal Arbitration Act ("FAA")
may govern a written arbitration clause enforced in Texas state court, if the parties have
expressly designated it to govern. Volt Info. Sci. v. Bd. of Trs., 489 U.S. 468, 479 (1989);
In re AdvancePCS Health, L.P., 172 S.W.2d 603, 605-06 & n.3 (Tex. 2006) (orig.
proceeding). If the parties have designated the FAA to govern their arbitration agreement,
then that designation should be upheld. See In re AdvancePCS Health, L.P., 172 S.W.2d
at 606 & n.3.

 The Agreement in this case expressly states that the FAA governs. This Court will
uphold that express designation. Texas law does not permit an interlocutory appeal of an
order denying arbitration under the FAA. Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992). Because this case is governed by the FAA, mandamus is the appropriate
vehicle for review. Id.

III. Discussion

 Texas procedure governs the enforcement of arbitration agreements under the FAA
in a Texas court. Id. at 268. First, a party seeking to compel arbitration must file a motion
to compel arbitration demonstrating (1) a valid agreement to arbitrate between the parties
and (2) the dispute is within the scope of the arbitration agreement. In re FirstMerit Bank,
N.A., 52 S.W.3d 749, 753-54 (Tex. 2001) (orig. proceeding). The trial court's determination
of the validity of an arbitration agreement is a legal question reviewed de novo. Id. As to
the second element, however, because federal policy favors arbitration, a presumption
exists favoring agreements to arbitrate under the FAA. Id. Therefore, courts must resolve
any doubts about an arbitration agreement's scope in favor of arbitration. Id. Trial courts
are instructed not to deny arbitration "unless it can be said with positive assurance that an
arbitration clause is not susceptible of an interpretation which would cover the dispute." 
In re Dillard Dep't Stores, Inc., 186 S.W.3d 514, 515-16 (Tex. 2006) (orig. proceeding) (per
curiam). 

 Once the party seeking to compel arbitration makes the required showing, the
burden shifts to the party opposing arbitration to establish a defense to arbitration. In re
RLS Legal Solutions, LLC, 221 S.W.3d 629, 630 (Tex. 2007) (orig. proceeding); In re
Jebbia, 26 S.W.3d 753, 756 (Tex. App.-Houston [14th Dist.] 2000, orig. proceeding). If
the non-movant does present a defense to arbitration, the trial court has no discretion but
to compel arbitration and stay its own proceedings. See In re Oakwood Mobile Homes,
Inc., 987 S.W.2d 571, 573 (Tex. 1999) (orig. proceeding); Cantella & Co., Inc. v. Goodwin,
924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding) (per curiam). In Jack B. Anglin, the Texas Supreme Court held that a motion to compel arbitration
is to be decided summarily. Jack B. Anglin Co., 842 S.W.2d at 269. The court observed: 
"we think it unlikely that the legislature intended the issue to be resolved following a full
evidentiary hearing in all cases." Id. The court then stated that in deciding summarily, the
trial court may make its decision on the basis of affidavits, pleadings, discovery, and
stipulations. Id. However, if fact issues exist, the court may hold a hearing to determine
whether to compel arbitration. Id. 

 A. SSP Partners demonstrated a valid agreement to arbitrate.

 SSP Partners argues that it demonstrated a valid agreement to arbitrate, and
therefore, it was entitled to arbitration. SSP Partners filed a motion to compel arbitration
attaching the Agreement, which is signed by Torres. Torres does not dispute that she
signed the Agreement. Rather, Torres argues the trial court had discretion to deny
arbitration because SSP Partners did not provide evidence of the satisfaction of the
arbitration procedures outlined in its agreement, which she argues were conditions
precedent to the invocation of the arbitration agreement. Specifically, she claims that SSP
Partners failed to provide written notice of its intent to compel arbitration and failed to
mediate her claims before seeking arbitration. We disagree with Torres and hold
satisfaction of pre-arbitration procedures is a matter of procedural arbitrability and is,
therefore, properly decided by an arbitrator. 

 Procedural arbitrability encompasses those questions that "grow out of the dispute
and bear on its final disposition." In re R & R Specialists of Tyler, Inc., 146 S.W.3d 669,
704 (Tex. App.-Tyler 2004, orig. proceeding) (citing Howsam v. Dean Witter Reynolds,
Inc., 537 U.S. 79, 85 (2002)). "Questions of procedural arbitrability relate to whether
procedures have been followed or excused and whether an unexcused failure to follow
such procedures allows a party [to] enforce the duty to arbitrate." Id. at 704-05 (citing John
Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557 (1964)). Such questions encompass
determinations as to whether the conditions precedent to arbitration, such as notice and
time limits, have been met and are questions for the arbitrator to decide. Id. (citing
Howsam, 537 U.S. at 84).

 In R & R Specialists of Tyler, Inc., the plaintiff claimed that his employer failed to
comply with the express provisions of the arbitration agreement by "not giving written notice
of its intention to seek arbitration, not complying with the deadlines regarding notice of
claim, and not participating in mediation before seeking arbitration." R & R Specialists of
Tyler, Inc., 146 S.W.3d at 703. The court held that this argument relates to procedural
arbitrability and is, therefore, a question for the arbitrator to decide. Id. at 704.

 Similarly, in Grand Homes 96, L.P. v. Loudermilk, Grand Homes argued that the
Loudermilks never demonstrated that they had satisfied conditions precedent to arbitration. 
Grand Homes 96, L.P., 208 S.W.3d 696, 701 (Tex. App.-Fort Worth 2006, pet. filed). The
court held that procedural questions, including whether procedures have been followed or
excused and whether an unexcused failure to follow such procedures allows a party to
avoid the duty to arbitrate, are left for the arbitrator to decide. Id. at 702 (citing In re
Weekley Homes, 985 S.W.2d 111, 114 (Tex. App.-San Antonio 1998, orig. proceeding)).

 In this case, Torres argues that SSP Partners has not provided "evidence showing
the arbitration procedure outline[d] in the arbitration agreement had or had not been
followed." Torres, therefore, argues that SSP Partners did not demonstrate that a valid
arbitration agreement existed. She argues that without this proof, the trial court had
discretion to deny arbitration and to proceed with an evidentiary hearing. This argument
fails because, as discussed above, whether the condition precedent has been satisfied is
not a question for the court to decide; it is a question for the arbitrator.  Id. 

 B. The dispute is within the scope of the agreement.

 SSP Partners argues that it met its burden of proving that the Agreement covers the
claims at issue because the Agreement's scope is broad and applies to all personal injury
claims, whether sustained on or off the job. SSP Partners directs us to the following
language in support of its argument: "The types of claims covered by this agreement
include, but are not limited to, any and all . . . tort claims, including negligence, negligence
per se and gross negligence claims (including claims for personal injury or bodily injury or
physical, mental or psychological injury, without regard to whether or not such injury was
sustained on the job) . . . ." (emphasis added). In contrast, Torres argues that the
Agreement is only invoked if the injury occurred "on the job" or "within the scope of
employment," relying on language contained in the initial description of benefits under the
Plan. Again, we disagree with Torres.

 A court should not deny arbitration "unless it can be said with positive assurance
that an arbitration clause is not susceptible of an interpretation which would cover the
dispute at issue." In re Dillard Dep't Stores, Inc., 186 S.W.3d at 516. Further, the courts
are required "to construe arbitration clauses broadly, and when a contract contains an
arbitration clause, there is a presumption of arbitrability." In re Choice Homes, Inc., 174
S.W.3d 408, 413 (Tex. App.-Houston [14th Dist.] 2005, orig. proceeding). Therefore, any
doubts are to be resolved in favor of coverage. Id. 

 In Choice Homes, the plaintiff/employees sued their employer for injuries they
sustained after the employer terminated their employment. Id. The employer moved to
compel arbitration based on an agreement that expressly applied to "all claims and
disputes that [the employee] may now have or may in the future have against the
Company." Id. at 413. Construing the clause broadly, the Houston court of appeals
interpreted this clause as covering "many types of claims including but not limited to tort
claims, claims for personal or bodily injury or physical, mental, or psychological injury,
without regard to whether such injury was sustained on the job." Id. It held that the clause
included those injuries that occurred after termination. Id. at 414. 

 The language in the Agreement between Torres and SSP Partners is even clearer
than the language in Choice Homes. It expressly provides that it applies "without regard
to whether or not such injury was sustained on the job." (emphasis added). We cannot
discern any ambiguity in the clause. Although Torres points to language at the beginning
of the contract describing the benefits available under the Plan, which only provides
benefits for injuries sustained on the job, there is no such limit in the arbitration clause
itself. Even if it could be said that the Plan's coverage provisions created an ambiguity, we
must resolve this ambiguity in favor of coverage. Id. at 413; see also Dillard, 186 S.W.3d
at 516. Therefore, we hold that the language in the Agreement includes Torres's claim for
personal injuries sustained while off the job. 

 SSP Partners proved a valid agreement arbitrate covering Torres's claims. We
must decide, therefore, whether Torres raised a defense to arbitration. If not, the trial court
abused its discretion by refusing to compel arbitration.

 C. Torres failed to raise a valid defense to arbitration.

 SSP Partners argues that the trial court had no discretion to refuse to compel
arbitration because Torres did not raise a defense to arbitration. Specifically, SSP
Partners argues that Torres did not attach any affidavits or other evidence to her response
to the motion to compel, citing our decision in Prudential Securities, Inc. v. Bañales, 860
S.W.2d 594 (Tex. App.-Corpus Christi 1993, orig. proceeding). Therefore, according to
SSP Partners, Torres failed to raise a defense to arbitration and was not entitled to a
hearing. Torres argues in response that the court had discretion to deny arbitration
because she presented evidence at the hearing that the arbitration agreement is
unconscionable and thus unenforceable, attempting to distinguish Prudential Securities. 
We need not decide whether Torres's failure to present affidavits in support of her
response precluded her presentation of a defense to arbitration, however, because even
if the trial court had the discretion to hold the evidentiary hearing, Torres's alleged defense
to arbitration was inadequate to defeat SSP Partners' motion to compel arbitration. See
Tex. R. App. P. 47.1.

 In Prima Paint Corp. v. Flood & Conklin Mfg. Co., the United States Supreme Court
held that under the FAA, "if the claim is fraud in the inducement of the arbitration clause
itself, the federal court may proceed to adjudicate it, but the statutory language does not
permit the federal court to consider claims of fraud in the inducement of the contract
generally." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). 
"[U]nder federal law, the arbitration clause was severable from the underlying contract." 
Teal Const. Co./Hillside Villas Ltd. v. Darren Casey Interests, Inc., 46 S.W.3d 417, 420
(Tex. App.-Austin 2001, pet. denied) (citing and interpreting Prima Paint, 388 U.S. at 404). 
 Texas Courts have interpreted this holding to mean that a defense applicable to an
entire contract containing an arbitration provision must be submitted to the arbitrator,
whereas a defense to the arbitration clause itself can be decided by a court. In re
AdvancePCS Health, L.P., 172 S.W.3d at 608 n.7; In re FirstMerit Bank, 52 S.W.3d at 758;
In re Service Corp. Int'l, 162 S.W.3d 801, 809 (Tex. App.-Corpus Christi 2005, orig.
proceeding). 

 In RLS Legal Solutions L.L.C., the Texas Supreme Court held that the plaintiff was
required to provide evidence of duress "specifically" and "exclusively" relating to the
arbitration provision in order to avoid arbitration. In re RLS Legal Solutions L.L.C., 221
S.W.3d at 632. In that case, the plaintiff sued her employer in a dispute over
compensation and benefits, and the employer moved to compel arbitration. Id. The
plaintiff claimed that the employer used duress to force her into signing the agreement, but
she did not provide the evidence of duress relating to the arbitration provision exclusively. 
Id. The Texas Supreme Court held that the trial court abused its discretion in refusing to
compel arbitration because "[n]either her affidavit nor her trial testimony provide any
evidence that the arbitration provision was the only provision to which she objected, or that
it was the only provision she was under duress to sign." Id. at 631. The court held that
"[u]nless the arbitration provision alone was singled out from the other provisions, the claim
of duress goes to the agreement generally and must be decided in arbitration." Id. (1)

 Neither in her pleadings nor in her testimony does Torres specifically state that she
is arguing against the arbitration clause instead of the entire agreement. Rather in her
response to the SSP Partners' motion to compel, Torres repeatedly argued against both
the arbitration clause and the Employee Injury Benefit Plan. She testified at the hearing
that she did not understand any portion of the Agreement-- including both the Employee
Injury Benefit plan and the arbitration clause. Because the Supreme Court requires Torres
to have exclusively and specifically argued only against the arbitration provision, and
Torres did not do so, her contractual defenses to arbitration must be submitted to the
arbitrator. Therefore, even if Torres was properly granted a hearing, the trial court did not
have discretion to deny the SSP Partners' motion to compel arbitration. 

IV. Conclusion

 We conclude that SSP Partners met its burden, and in the absence of a defense to
arbitration, the trial court did not have discretion to refuse to compel arbitration. We
conditionally grant the petition for writ of mandamus and order the trial court to vacate its
order denying relator's motion to compel arbitration. The writ will issue only if the trial court
fails to vacate its order. We lift the stay issued by this Court on February 20, 2007 and
direct the trial court to proceed in accordance with this opinion. 

 ___________________________

 GINA M. BENAVIDES,

 Justice



Memorandum Opinion delivered and

filed this the14th day of August, 2007.

1. An example of what is considered sufficiently "specific" may be seen in a decision by the Fourteenth
Court of Appeals. In that case, the arbitration agreement was between a builder and the homeowners. TMI,
Inc. v. Brooks, 225 S.W.3d 783, 788 (Tex. App.-Houston [14th Dist.] May 10, 2007, pet. filed). The court held
that the homeowner's defense to arbitration related specifically to the arbitration clause because the
homeowners "specifically and repeatedly asserted they would not have agreed to the arbitration provision itself
had they known it encompassed any disputes beyond structural defects in their houses, which they believed
were covered by the warranty program." Id. at 793 (emphasis added).