In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00539-CV


____________________



IN RE WALEED KHAN AND WYTHE II CORPORATION






Original Proceeding






 MEMORANDUM OPINION


 This original proceeding concerns the process required when an attorney intervenes
in his client's suit for the purpose of recovering attorney's fees out of settlement proceeds. 
In this case, the trial court ordered the funds to be released in an interlocutory order signed
sixteen days after the attorney filed the intervention. (1) Because due process was not provided
in this case and an appellate remedy would be inadequate, we conditionally grant partial
relief and direct the trial court to vacate its order. We hold the trial court must provide
adequate notice and an opportunity to be heard as required by the applicable rules of civil
procedure before adjudicating disputed issues between the attorney and the attorney's client. 
All other relief sought in this proceeding is denied.

 Waleed Khan and Wythe II Corporation ("Wythe") filed a petition for writ of
mandamus and prohibition in which they sought to prevent the release of funds on deposit
in the registry of the trial court. This Court stayed the trial court's order and directed the
relators to bring their petition into compliance with the form required for original
proceedings. See Tex. R. App. P. 52. The relators filed an amended petition for writ of
mandamus in which they raise eight issues. We grant partial relief.

 First, the relators seek mandamus relief against the District Clerk. We may issue such
writs as are necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a)
(Vernon 2004). Our writ power ordinarily extends only to judges of district and county
courts. Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004). In this case, the relators have
not shown that the district clerk has acted in a way that deprives this Court of jurisdiction. 
See In re Smith, 263 S.W.3d 93, 95 (Tex. App.-Houston [1st Dist.] 2006, orig. proceeding). 
We deny the relators' request for a writ of mandamus or prohibition to the district clerk.

 Although Wythe and its president, Waleed Khan, petitioned this Court in this
proceeding, Khan is not a party to the suit in the trial court. The settlement proceeds at issue
in this case are not Khan's, but Wythe's. Khan suggests he is entitled to mandamus relief
because the attorney billed him personally. The order at issue in this original proceeding
neither orders Khan to perform any act in his individual capacity nor affects him as an
individual litigant in the underlying litigation. See In re Choice Homes, Inc., 174 S.W.3d
408, 411-12 (Tex. App.-Houston [14th Dist.] 2005, orig. proceeding)("To have standing a
party must be affected by the controversy at hand."). Because Khan has not shown that he
is entitled to extraordinary relief in his individual capacity, we deny his request that a writ
of mandamus or prohibition issue.

 In its sixth, seventh, and eighth issues, Wythe asks this Court to disqualify the trial
judge and vacate his orders because while in private practice he acted as plaintiff's counsel
in litigation in which the lawyers received a large contingent fee. Wythe has not shown that
it made any attempt to follow the procedures for determining the trial judge's disqualification
or establishing grounds for recusal. See Tex. R. Civ. P. 18a, 18b; In re O'Connor, 92 S.W.3d
446, 448 (Tex. 2002); see also Tex. Const. art. V, § 11. Wythe has not shown that it is
entitled to mandamus relief relating to issues six through eight.

 In its third issue, Wythe contends the trial court "erred in denying a continuance and
discovery before purporting to grant an order disposing of [the disputed funds.]" Issue five
contends mandamus is an appropriate remedy because Wythe has no adequate remedy by
appeal. The attorney, who is the real party in interest, filed "Intervenor's Motion to Enforce
Settlement Agreement" on November 26, 2008. According to the real party in interest, the
trial court commenced a hearing on the motion on December 1, 2008, but adjourned the
hearing to provide an opportunity for Wythe to obtain counsel and scheduled a hearing on
a motion to withdraw as counsel of record filed by the real party in interest. The trial court
granted the motion to withdraw at the beginning of the hearing on December 12, 2008. At
that time there were motions on file to continue both the motion to enforce the settlement and
for the underlying case. Newly retained counsel explained that he needed to engage in
discovery on former counsel's claim for attorney's fees. The trial court proceeded with the
evidentiary hearing, at the conclusion of which Wythe re-urged its motion for continuance
so that it could obtain additional witnesses.

 By filing a pleading, an intervenor joins the case and unless the intervention is struck
the intervenor becomes a party to the suit for all purposes. In re Roxsane R., 249 S.W.3d
764, 772 (Tex. App.-Fort Worth 2008, orig. proceeding); Tex. Workers' Comp. Comm'n v.
Hartford Acc. & Indem. Co., 952 S.W.2d 949, 953 (Tex. App.-Corpus Christi 1997, pet.
denied); Tex. R. Civ. P. 60. The intervention must comply with the rules of civil procedure. 
Kenseth v. Dallas County, 126 S.W.3d 584, 602 (Tex. App.-Dallas 2004, pet. denied)
("Although it is true that a discharged attorney may sometimes intervene in his former
client's lawsuit in order to collect his fees, such an intervention--at the threshold--must
comply with the rules of civil procedure."). An intervenor against whom no affirmative
relief is sought occupies the position of a plaintiff and his claim is disposed of in the same
manner as any other claim. See Welch v. Hrabar, 110 S.W.3d 601, 608 (Tex. App.-Houston
[14th Dist.] 2003, pet. denied); see, e.g., Law Offices of Windle Turley, P.C. v. French, 140
S.W.3d 407, 410 (Tex. App.-Fort Worth 2004, no pet.) (intervening attorney's claims
resolved by summary judgment); Rapp v. Mandell & Wright, P.C., 127 S.W.3d 888, 893
(Tex. App-Corpus Christi 2004, pet. denied) (intervening attorney's claims tried to jury); In
re Hoover, Bax & Slovacek, L.L.P., 6 S.W.3d 646, 649 (Tex. App.-El Paso 1999, orig.
proceeding) (intervening attorney's claims severed into separate suit). 

 In this case, the trial court adjudicated the attorney's claim against Wythe without a
trial setting or a motion for summary judgment. (2) Former counsel did not withdraw as counsel
for Wythe and new counsel did not substitute as counsel for Wythe until after the hearing
commenced. Wythe's new counsel brought the lack of notice and opportunity to prepare to
the attention of the trial court when Wythe presented its motion for continuance. The trial
court abused its discretion by refusing to grant Wythe's requests for a continuance and in
proceeding to decide the case without providing the notice required to conduct a trial. Tex.
R. Civ. P. 245, 246. Because the trial court ordered the immediate release of the funds in an
interlocutory order entered without due process, an eventual appeal would not be an adequate
remedy. See generally In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004)
("An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed
by the detriments."). We sustain Wythe's issues three and five.

 Wythe challenges the merits of the trial court's order in issues one, two, and four. 
Wythe contends the contingent fee contract is unenforceable. The merits of the claims are
subject to appellate review following a trial or a summary judgment. Accordingly, we hold
an appellate remedy is adequate and deny the relief sought in issues one, two, and four. (3) 

 We hold the trial court abused its discretion in ordering the disputed funds to be
disbursed following a preliminary hearing held on eleven days' notice. We are confident that
the trial court will vacate its order of December 12, 2008, and that all further proceedings
will be set in due course in the manner required by the rules of civil procedure. The writ
shall issue only if the trial court does not comply. 

 PETITION CONDITIONALLY GRANTED.

 PER CURIAM

Submitted on December 29, 2008

Opinion Delivered February 12, 2009

Before McKeithen, C.J., Kreger and Horton, JJ.

1. The settling defendant deposited the disputed funds into the registry of the court.
2. This is an active case with pending claims in addition to those the attorney asserts
against Wythe. The trial court did not order separate trials. See Tex. R. Civ. P. 174.
3. We do not consider the merits of the issues raised in these issues, and our opinion and
judgment in this mandamus proceeding neither approves nor disapproves of the trial court's
ruling on the merits of the dispute in the court below.