**PALISADES ACQUISITION XVI, LLC, Appellant**

v.

**Howard CHATMAN, Appellee.**

**No. 14–08–00108–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 16, 2009.

---

Michael J. Adams, Houston, TX, for appellants.

Howard Chatman, Houston, TX, for appellees.

Panel consists of Justices FROST, BROWN, and BOYCE.

## OPINION

KEM THOMPSON FROST, Justice.

This appeal arises from the trial court's dismissal of a suit in which a creditor seeks confirmation of an arbitration award in a collection dispute. The trial court dismissed the suit, apparently concluding that the Federal Arbitration Act deprived the trial court of subject-matter jurisdiction. On appeal, the creditor argues the trial court erred in dismissing the suit because the trial court had subject-matter jurisdiction. We reverse and remand.

## I. BACKGROUND

Appellee Howard Chatman opened a line of credit with appellant Palisades Acquisition XVI, LLC. In connection with that transaction, the parties agreed to be bound by an arbitration agreement containing the following language: "This arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ('FAA'). Judgment upon any arbitration award may be entered in any court having jurisdiction."

The parties participated in an arbitration proceeding pursuant to the agreement, and Palisades received an arbitration award containing the following recitations:

- This matter involves interstate commerce and the Federal Arbitration Act governs this arbitration.
- The parties' arbitration agreement is valid and enforceable and governs all issues in dispute.
- An award was issued in the amount of $9,203.49 in favor of Palisades and against Chatman.

Palisades initiated this suit by filing an original petition with the Harris County Court at Law Number 1 seeking confirmation and enforcement of the arbitration award. In support of its petition, Palisades attached to its pleading the arbitration agreement, the arbitration award, and an affidavit in support of judgment.

The trial court sua sponte dismissed the case for lack of jurisdiction. In its findings of fact and conclusions of law, the trial court determined that (1) Palisades and Chatman entered into a valid and binding agreement to arbitrate any claims or disputes relating to Chatman's account, (2) pursuant to the parties' agreement, the National Arbitration Forum conducted an arbitration proceeding and awarded Palisades $9,203.49 against Chatman; and (3) the Federal Arbitration Act, 9 U.S.C. §§ 1–16 ("Federal Act"), governs the arbitration agreement and confirmation of the arbitration award. Apparently concluding that section 9 of the Federal Act deprived it of subject-matter jurisdiction to confirm the award, the trial court dismissed the case.

In a single appellate issue, Palisades argues that the trial court had subject-matter jurisdiction to confirm the arbitration award and therefore improperly dismissed the case.

## II. ANALYSIS

A court must have subject-matter jurisdiction to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). The determination as to whether jurisdiction exists is a question of law, which this court reviews de novo. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

## A. Does the Federal Act apply?

■ The Federal Act applies to an arbitration agreement in any contract involving interstate commerce, to the full extent of the Commerce Clause of the United States Constitution. *See* 9 U.S.C. § 2 (1999); *Allied–Bruce Terminix Co. v. Dobson*, 513 U.S. 265, 277–81, 115 S.Ct. 834, 841–43, 130 L.Ed.2d 753 (1995); *In re L & L Kempwood Assocs.*, 9 S.W.3d 125, 127 (Tex.1999). The parties do not dispute that the Federal Act applies.[1] When, as in this case, the parties expressly agree that

1. Palisades contends that the Federal Act applies. Chatman did not file an appellate brief in this case, and it is unclear from the record

whether Chatman appeared in the trial court below.

their arbitration agreement shall be governed by the Federal Act, the parties are not required to establish that the transaction at issue involves or affects interstate commerce. *See In re Choice Homes, Inc.,* 174 S.W.3d 408, 412 (Tex.App.-Houston [14th] Dist.2005, orig. proceeding). Therefore, the parties' agreement is governed by the Federal Act. *See id.* Nonetheless, by enacting the Federal Act, Congress did not occupy the entire field of arbitration regulation, and the Federal Act pre-empts state arbitration law only to the extent that the state law actually conflicts with the Federal Act. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 477, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1989); *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 779–80 (Tex.2006). Therefore, Texas law, including the Texas Arbitration Act, applies to the arbitration, except to the extent that Texas law actually conflicts with the Federal Act. *See In re Akin Gump Strauss Hauer & Feld, LLP,* 252 S.W.3d 480, 489 (Tex.App.-Houston [14th Dist.] 2008, orig. proceeding).

**B. Does section 9 of the Federal Act deprive the trial court of subject-matter jurisdiction?**

 Section 9 of the Federal Act provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (2009). The language of the parties' arbitration agreement provides that "[j]udgment upon any arbitration award may be entered in any court having jurisdiction." Under the unambiguous language of this agreement, the parties have not specified a court in which a party may seek rendition of judgment on an arbitration award. In these circumstances, the parties, under section 9 of the Federal Act, may seek confirmation of an award in a United States court in and for the district within which such award was made. *See id; see also Mauldin v. MBNA Am. Bank, N.A.,* No. 02–07–00208–CV, 2008 WL 4779614, at *4 (Tex.App.-Fort Worth Oct. 30, 2008, no pet.) (mem.op.). However, Congress used permissive, not mandatory language in the second sentence of section 9. Under this unambiguous language, a party may seek confirmation of the arbitration award in federal court but is not required to do so. Indeed, in the Federal Act, including section 9, Congress did not confer any additional subject-matter jurisdiction on the federal courts. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 26 n. 32, 103 S.Ct. 927, 942 n. 32, 74 L.Ed.2d 765 (1983). Therefore, even if a party invokes the second sentence of section 9, that party may seek confirmation of an arbitration award in federal court only if there is an independent basis for federal jurisdiction. *See Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.,* 220 F.3d 650, 653 n. 5 (5th Cir.2000).

 In sum, the Federal Act is enforced by both state and federal courts. *See Moses H. Cone Mem'l Hosp.,* 460 U.S. at 25–26 & n. 32, 103 S.Ct. at 942 & n. 32; *see also Mauldin,* 2008 WL 4779614, at *5 (overruling petitioner's claim that the sec-

tion 9 of the Federal Act limits subject-matter jurisdiction to the federal courts); *Tanox v. Akin Gump Strauss Hauer & Feld, LLP,* 105 S.W.3d 244, 247–52 (Tex. App.-Houston [14th Dist.] 2003, pet. denied) (reviewing state district court's confirmation of arbitration award governed by Federal Act). Because an independent basis for federal jurisdiction is often missing, enforcement of the Federal Act is left, in large part, to the state courts. *See Moses H. Cone,* 460 U.S. at 26 n. 32, 103 S.Ct. at 942 n. 32. Under the unambiguous language of section 9, Congress does not confer exclusive jurisdiction upon federal courts as to arbitration agreements that fail to specify a court in which a party may seek rendition of judgment on the arbitration award. *See* 9 U.S.C. § 9; *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 25–26 & n. 32, 103 S.Ct. at 942 & n. 32; *Mauldin,* 2008 WL 4779614, at *5. Therefore, section 9 does not deprive the county court at law of subject-matter jurisdiction.

## C. Does the trial court have subject-matter jurisdiction?

Under the Texas Government Code, "a statutory county court exercising civil jurisdiction concurrent with the constitutional jurisdiction of the county court has concurrent jurisdiction with the district court in ... civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000 ... as alleged on the face of the petition." Tex. Gov't Code Ann. § 25.0003 (Vernon Supp.2009). As alleged in this case, the amount in controversy exceeds $500 but does not exceed $100,000. Though there are specific limitations in the Texas Government Code concerning the jurisdiction of a Harris County civil court at law, none of them apply to the case at hand. *See id.* § 25.0003(b) (prohibiting jurisdiction of a statutory county court over causes and proceedings concerning roads, bridges, and public highways); *id.*

§ 25.1032(a) (Vernon 2004) (prohibiting jurisdiction over probate matters); *Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.,* 284 S.W.3d 385, 388 (Tex.App.-Houston [1st Dist.], 2008, no pet.) (providing that a county court at law has subject-matter jurisdiction when the amount in controversy is within the jurisdictional limits given in sections 25.003 and 25.1032 of the Texas Government Code). Therefore, the trial court has subject-matter jurisdiction over this case. *See Hoggett v. Zimmerman, Axelrad, Meyer, Stern and Wise, P.C.,* 63 S.W.3d 807, 809–11 (Tex.App.-Houston [14th Dist.] 2001, no pet.) (concluding county court at law had jurisdiction over application to confirm arbitration award); *see also Mauldin,* 2008 WL 4779614, at *5 (upholding confirmation of an arbitration award by a statutory county court that had subject-matter jurisdiction). The trial court erred in dismissing it.

## III. Conclusion

Section 9 of the Federal Act does not deprive the trial court of subject-matter jurisdiction. Because the trial court had jurisdiction to hear the case, the court erred in dismissing it. Accordingly, we sustain Palisades's sole issue on appeal, reverse the trial court's judgment, and remand for further proceedings.