Reversed and Remanded and Memorandum Opinion filed June 23, 2009








Reversed and
Remanded and Memorandum
Opinion filed June 23, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00024-CV

____________

 

FIA CARD SERVICES, N.A. fka, MBNA
AMERICA BANK N.A., Appellant

 

V.

 

VALICIA M. HORN, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 884736

 



 

M E M O R A N D U M   O P I N I O N

In this appeal we consider the propriety of the trial court=s dismissal of a
suit to confirm an arbitration award. Concluding that the Federal Arbitration
Act does not deprive the trial court of subject-matter jurisdiction, we reverse
and remand.

I.  Background








Appellee Valicia M. Horn opened a line of credit with
appellant FIA Card Services, N.A. (hereinafter AFIA Card Services@), agreeing to be
bound by an arbitration agreement containing the following language:  AThis arbitration
agreement is made pursuant to a transaction involving interstate commerce and
shall be governed by the Federal Arbitration Act, 9 U.S.C. '' 1B16 (>FAA=).  Judgment upon
any arbitration award may be entered in any court having jurisdiction.@  When a dispute
arose, the parties participated in an arbitration proceeding and FIA Card
Services received an arbitration award of $12,338.21 against Horn.  FIA Card
Services sought confirmation and enforcement of the arbitration award by filing
an original petition with the Harris County Court at Law Number 1, initiating
this suit. 

On its own motion, the trial court dismissed the case for
lack of jurisdiction.  In its findings of fact and conclusions of law, the
trial court determined, among other things, (1) FIA Card Services and Horn
entered into a valid and binding agreement to arbitrate any claims or disputes
relating to Horn=s account; (2) pursuant to the parties= agreement, the
National Arbitration Forum conducted an arbitration proceeding and awarded FIA
Card Services $12,338.21 against Horn; and (3) the Federal Arbitration Act, 9
U.S.C. '' 1B16 (AFederal Act@), governs the
arbitration agreement and confirmation of the arbitration award.  Apparently
concluding that section 9 of the Federal Act deprived it of subject-matter
jurisdiction to confirm the award, the trial court dismissed the case.

II.  Issue and Analysis

On appeal, FIA Card Services argues in a single issue that
the trial court had subject-matter jurisdiction to confirm the arbitration
award and therefore improperly dismissed the case.  A court must have
subject-matter jurisdiction to decide a case.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  The existence of
jurisdiction is a question of law, which this court reviews de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.1998).  








Generally, the Federal Act applies to a written provision
in a contract Aevidencing a transaction involving commerce@ to settle a
dispute by arbitration.  9 U.S.C.A. ' 2 (West 2009). 
The parties do not dispute that the Federal Act governs this matter.[1] 
When, as in this case, the parties expressly agree that their arbitration
agreement shall be governed by the Federal Act, the parties are not required to
establish that the transaction at issue involves or affects interstate
commerce.  See In re Choice Homes, Inc., 174 S.W.3d 408, 412 (Tex. App.CHouston [14th
Dist.] 2005, orig. proceeding).

Section 9 of the Federal Act provides in pertinent part:

If the
parties in their agreement have agreed that a judgment of the court shall be
entered upon the award made pursuant to the arbitration, and shall specify the
court, then at any time within one year after the award is made any party to
the arbitration may apply to the court so specified for an order confirming the
award, and thereupon the court must grant such an order unless the award is
vacated, modified, or corrected as prescribed in sections 10 and 11 of this
title. If no court is specified in the agreement of the parties, then such
application may be made to the United States court in and for the district
within which such award was made. 

9
U.S.C.A. ' 9 (2009).  The language of the parties= arbitration
agreement provides that A[j]udgment upon any arbitration award may
be entered in any court having jurisdiction.@  Under the
unambiguous language of the agreement, the parties have not specified a court
in which a party may seek rendition of judgment on an arbitration award.  In
these circumstances, the parties, under section 9 of the Federal Act, may seek
confirmation of an award in a United States court in and for the district within which such award was
made. 
See id; Palisades
Acquisition XVI, LLC v. Chatman, C S.W.3d C,C, No. 14-08-00108-CV, 2009 WL 1660485, at *2 (Tex. App.CHouston [14th Dist.] June 16, 2009,
no pet. h.); see also Mauldin v. MBNA Am. Bank, N.A., No.
02-07-00208-CV, 2008 WL 4779614, at *4 (Tex. App.CFort Worth Oct. 30, 2008, no pet.) (mem. op.).  AUnder this
unambiguous language, a party may seek confirmation of the arbitration award in
federal court but is not required to do so.@  Palisades Acquisition XVI, LLC, 2009 WL 1660485, at *2. 








The Federal Act is enforced by both state and federal
courts.  See Moses H.
Cone Mem=l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n.32, 103 S. Ct.
927, 942 n.32, 74 L. Ed. 2d 765 (1983); Palisades Acquisition XVI, LLC,
No. 14-08-00108-CV, 2009 WL 1660485, at *3 (providing that the section 9 of the
Federal Act does not limit subject-matter jurisdiction to the federal courts); see also
Mauldin, 2008 WL 4779614, at *5 (same).  Under the unambiguous language of section 9,
Congress does not confer exclusive jurisdiction upon federal courts as to arbitration
agreements that fail to specify a court in which a party may seek rendition of
judgment on the arbitration award. See 9 U.S.C.A. ' 9; Moses H. Cone Mem=l Hosp., 460 U.S. at 25B26 & n.32, 103 S. Ct. at 942
& n.32; Palisades Acquisition XVI, LLC, No. 14-08-00108-CV, 2009 WL
1660485, at *3.  Therefore, section 9 does not deprive the county court at law of
subject-matter jurisdiction.

Under the Texas Government Code, Aa statutory county
court exercising civil jurisdiction concurrent with the constitutional
jurisdiction of the county court has concurrent jurisdiction with the district
court in . . . civil cases in which the matter in controversy exceeds $500 but
does not exceed $100,000 . . . as alleged on the face of the petition.@  Tex. Gov=t Code Ann. ' 25.0003 (Vernon
Supp. 2009).  As alleged in this case, the amount in controversy exceeds $500
but does not exceed $100,000.  Though the Texas Government Code contains
certain limitations concerning the jurisdiction of a Harris County civil court
at law, none of these limitations apply to the case at hand.  See Tex. Gov=t Code Ann. ' 25.0003(b)
(prohibiting jurisdiction of a statutory county court over causes and
proceedings concerning roads, bridges, and public highways); Tex. Gov=t Code Ann. ' 25.1032(a)
(Vernon 2004) (prohibiting jurisdiction over probate matters); Palisades Acquisition XVI, LLC,
No. 14-08-00108-CV, 2009 WL 1660485, at *3.  Therefore, the trial court had subject-matter jurisdiction
over this case.  See Palisades Acquisition XVI, LLC, No. 14-08-00108-CV,
2009 WL 1660485, at *3.  The trial court erred in dismissing this case.  








Accordingly, we
sustain FIA Card Services=s sole issue on appeal, reverse the
trial court=s judgment, and remand for further
proceedings.

 

 

 

/s/      Kem Thompson
Frost

Justice

 

 

 

Panel consists of Justices Frost, Brown, and Boyce.









[1]  FIA Card Services contends that the Federal Act
applies.  Horn did not file an appellate brief in this case, and it is unclear
from the record whether Horn appeared in the trial court below.