Reversed and Remanded and Memorandum Opinion filed June 23, 2009








Reversed and
Remanded and Memorandum Opinion
filed June 23, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00111-CV

____________

 

FIA CARD SERVICES, N.A. fka MBNA
AMERICA BANK, N.A., Appellant

 

V.

 

GREGORY R. SWEET, Appellee

 



 

On Appeal from the

County Civil Court at Law No. 1 

Harris County, Texas

Trial Court Cause No. 894890

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the dismissal of a suit to confirm
an arbitration award. Concluding the trial court erred in dismissing the case
for lack of subject-matter jurisdiction, we reverse and remand.

I.  Background








In opening a line of credit with appellant FIA Card
Services, N.A. (hereinafter AFIA Card Services@), appellee
Gregory R. Sweet agreed to be bound by an arbitration agreement containing the
following language:  AThis arbitration agreement is made
pursuant to a transaction involving interstate commerce and shall be governed
by the Federal Arbitration Act, 9 U.S.C. '' 1B16 (>FAA=).  Judgment upon
any arbitration award may be entered in any court having jurisdiction.@  Pursuant to this
agreement, when a dispute later arose between the parties, an arbitration
proceeding was conducted before the National Arbitration Forum. FIA Card
Services was awarded $12,119.67 against Sweet.  FIA Card Services sought
confirmation and enforcement of the arbitration award by initiating this suit
in the Harris County Court at Law Number 1.  The trial court sua sponte dismissed
the case, apparently concluding that section 9 of the Federal Arbitration Act,
9 U.S.C. '' 1B16 (AFederal Act@), deprived it of
subject-matter jurisdiction to confirm the award.

II.  Issue and Analysis

In a single appellate issue, FIA Card Services argues that
the trial court had subject-matter jurisdiction to confirm the arbitration
award and therefore improperly dismissed the case. A court must have
subject-matter jurisdiction to decide a case.  Tex. Ass=n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  Whether jurisdiction
exists is a question of law, which we review de novo.  Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  

Generally, the Federal Act applies to a written provision
in a contract Aevidencing a transaction involving commerce@ to settle a
dispute by arbitration.  9 U.S.C.A. ' 2 (West 2009). 
When, as in this case, the parties expressly agree that their arbitration
agreement shall be governed by the Federal Act, the parties are not required to
establish that the transaction at issue involves or affects interstate
commerce.  See In re Choice Homes, Inc., 174 S.W.3d 408, 412 (Tex. App.CHouston [14th
Dist.] 2005, orig. proceeding).

Section 9 of the Federal Act provides in pertinent part:








If the
parties in their agreement have agreed that a judgment of the court shall be
entered upon the award made pursuant to the arbitration, and shall specify the
court, then at any time within one year after the award is made any party to
the arbitration may apply to the court so specified for an order confirming the
award, and thereupon the court must grant such an order unless the award is
vacated, modified, or corrected as prescribed in sections 10 and 11 of this
title. If no court is specified in the agreement of the parties, then such
application may be made to the United States court in and for the district
within which such award was made. 

9
U.S.C.A. ' 9 (2009).  The language of the parties= arbitration
agreement provides that A[j]udgment upon any arbitration award may
be entered in any court having jurisdiction.@  Because the
parties have not specified a court in which a party may seek rendition of
judgment on an arbitration award, the parties, under section 9 of the Federal
Act, may seek confirmation of an award in a United States court in and for the district within which such
award was made.  See id; Palisades Acquisition XVI, LLC v. Chatman, C S.W.3d C,C, No. 14-08-00108-CV, 2009 WL
1660485, at *2 (Tex. App.CHouston [14th Dist.] June 16, 2009, no pet. h.); see also Mauldin v. MBNA
Am. Bank, N.A., No. 02-07-00208-CV, 2008 WL 4779614, at *4 (Tex. App.CFort Worth Oct. 30, 2008, no
pet.) (mem. op.).  AUnder this unambiguous language, a party
may seek confirmation of the arbitration award in federal court but is not
required to do so.@  Palisades Acquisition XVI, LLC, 2009 WL 1660485, at *2. 

The Federal Act is enforced by both state and federal
courts.  See Moses H.
Cone Mem=l Hosp. v. Mercury Constr. Corp., 460 U.S.1, 26 n.32, 103 S. Ct. 927,
942 n.32, 74 L. Ed. 2d 765 (1983); Palisades Acquisition XVI, LLC, 2009
WL 1660485, at *3 (providing that section 9 of the Federal Act does not limit
subject-matter jurisdiction to the federal courts); see also
Mauldin, 2008 WL 4779614, at *5 (same).  Under
the unambiguous language of section 9, Congress does not confer exclusive
jurisdiction upon federal courts as to an arbitration agreement that fails to
specify a court in which a party may seek rendition of judgment on the
arbitration award.  See 9 U.S.C.A. ' 9; Moses H. Cone Mem=l Hosp., 460 U.S. at 25B26 & n.32, 103 S. Ct. at 942
& n.32; Palisades Acquisition XVI, LLC, 2009 WL 1660485, at *3.  Thus, section 9
does not operate to deprive the county court at law of subject-matter
jurisdiction.








Under the Texas Government Code, Aa statutory county
court exercising civil jurisdiction concurrent with the constitutional
jurisdiction of the county court has concurrent jurisdiction with the district
court in . . . civil cases in which the matter in controversy exceeds $500 but
does not exceed $100,000 . . . as alleged on the face of the petition.@  Tex. Gov=t Code Ann. ' 25.0003 (Vernon
Supp. 2009).  As alleged in this case, the amount in controversy exceeds $500
but does not exceed $100,000.  Although the Texas Government Code contains some
limitations concerning the jurisdiction of a Harris County civil court at law,
none of them apply to the case under review.  See Tex. Gov=t Code Ann. ' 25.0003(b)
(prohibiting jurisdiction of a statutory county court over causes and
proceedings concerning roads, bridges, and public highways); Tex. Gov=t Code Ann. ' 25.1032(a)
(Vernon 2004) (prohibiting jurisdiction over probate matters); Palisades Acquisition XVI, LLC,
2009 WL 1660485, at *3.  Therefore,
the trial court had subject-matter jurisdiction over this case.  See
Palisades Acquisition XVI, LLC, 2009 WL 1660485, at *3.  The trial court
erred in dismissing the case for lack of subject-matter jurisdiction. 

FIA Card Services=s sole issue is sustained, the
trial court=s judgment of dismissal is
reversed, and this case is remanded for further proceedings.

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.