**CREDIGY RECEIVABLES, INC., Appellant**

v.

**Alexander R. MAHINAY, Appellee.**

No. 14–07–01091–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 30, 2009.

Andrew E. Lemanski, Houston, TX, for appellants.

Alexander R. Mahinay, Houston, TX, for appellees.

Panel consists of Justices YATES, GUZMAN, and SULLIVAN.

## OPINION

EVA M. GUZMAN, Justice.

In this suit on an arbitration award, appellant Credigy Receivables, Inc. ("Credigy") appeals the dismissal of its case by a Harris County civil court at law for want of jurisdiction. Because we conclude the trial court does have subject-matter jurisdiction of the claims asserted, we reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

According to the pleadings and attachments in the record, Credigy purchased appellee Alexander Mahinay's MBNA credit account, on which Mahinay had defaulted, and pursuant to the Federal Arbitration Act, obtained an arbitration award of $4,550.66 on May 30, 2006. On July 11, 2007, Credigy filed suit on the award in Harris County Civil Court at Law No. 1. Mahinay failed to answer the suit, and after Credigy moved for default judgment, the trial court dismissed the suit for want of jurisdiction.[1] The trial court did not

---

1. The trial court originally dismissed the suit on December 4, 2007. Credigy moved for reinstatement and filed a "Brief in Support of Enforcement of Arbitration Award." The tri-

specify the basis for its conclusion that it lacked jurisdiction, but Credigy appears to argue that the trial court dismissed the case in the mistaken belief that it lacked jurisdiction to consider an arbitration award governed by the Federal Arbitration Act, or because it concluded that the arbitration award was unenforceable under the Texas General Arbitration Act. Credigy asks that we reverse the order dismissing the case and remand for further proceedings.

## II. Issues Presented

In two issues, Credigy argues that (a) the Federal Arbitration Act ("FAA") preempts the Texas General Arbitration Act (commonly referred to as the "TAA") to the extent that the two conflict, and (b) Harris County Courts have subject-matter jurisdiction over cases seeking confirmation of arbitration awards of less than $100,000.

## III. Standard of Review

■ Whether a trial court has subject-matter jurisdiction is a question of law that we review de novo. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998). We consider only evidence relevant to the jurisdictional inquiry and construe the pleadings in the plaintiff's favor, looking to the pleader's intent and accepting all his allegations as true. *Patton v. Jones*, 212 S.W.3d 541, 545 (Tex. App.-Austin 2006, pet. denied) (op. on reh'g) (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002) and *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000)). We presume that a trial court has jurisdiction unless the absence of jurisdiction affirmatively appears on the face of the petition. *French v.*

*Moore*, 169 S.W.3d 1, 6 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *see also Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 805 (Tex.1989) (explaining that in the absence of objections by the defendant to curable pleading defects, "the plaintiff may proceed to trial, however defective its allegations"). Thus, to defeat jurisdiction, the plaintiff's pleadings must demonstrate an incurable defect that deprives the court of subject-matter jurisdiction. *Patton*, 212 S.W.3d at 545.

## IV. Analysis

■ Because it is dispositive of this appeal, we begin with Credigy's second issue, which concerns the scope of the trial court's subject-matter jurisdiction. "A county civil court at law in Harris County has jurisdiction over all civil matters and causes, original and appellate, prescribed by law for county courts, but does not have the jurisdiction of a probate court." Tex. Gov't Code Ann. § 25.1032(a) (Vernon 2004). County courts have concurrent jurisdiction with district courts in "civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs, as alleged on the face of the petition." *Id.* § 25.0003(c)(1). "Together, these provisions grant Harris County civil courts at law concurrent jurisdiction with district courts in civil cases in which the amount in controversy falls within a certain jurisdictional dollar limit for statutory county courts." *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 448 (Tex.1996).

■ Credigy's claim falls within these parameters, and we are unable to discern in the pleadings any bar to the trial court's

al court reinstated the case on December 13, 2007 to consider the brief, then dismissed the

suit again.

exercise of jurisdiction. Although Credigy spends much of its brief arguing that the arbitration award is valid because provisions of the TAA that might invalidate the FAA are preempted, this argument goes to the merits of Credigy's claim, not to the trial court's jurisdiction. If the parties "have asserted nothing in the TAA or other state law that would subvert enforcement of the agreements at issue," then the FAA does not preempt the TAA, and the court may have jurisdiction under both laws. *See In re D. Wilson Constr. Co.*, 196 S.W.3d 774, 780 (Tex.2006).

■ Assuming that federal preemption does apply in this case, the application of the FAA, without more, does not divest a state court of jurisdiction. *Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 427 (Tex.2005) (per curiam). Federal and state courts instead have concurrent jurisdiction to enforce the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *In re Kellogg Brown*

*& Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig.proceeding). Moreover, the FAA does not preempt state common-law actions to confirm arbitration awards. *FIA Card Servs., N.A. v. Gachiengu*, 571 F.Supp.2d 799, 805 (S.D.Tex.2008).[2]

In sum, the determination of whether the trial court has subject-matter jurisdiction does not require us to determine if Credigy's claims are governed by the TAA, the FAA, or both, because the Harris County civil court at law had subject-matter jurisdiction over the case regardless of which of these substantive laws apply. We therefore reverse the trial court's judgment and remand for further proceedings in accordance with this opinion.

2. Under the FAA, a party to the arbitration may move to confirm an award within one year of the award's date. *See* 9 U.S.C.A. § 9 (West 2009). As noted in *FIA Card Services* and the cases cited therein, there is a split of authority among federal courts as to whether this provision is permissive or constitutes a mandatory statute of limitations. *FIA Card Servs.*, 571 F.Supp.2d at 803–05. Although it is undisputed that Credigy filed this suit more than one year after the arbitration award, it is unclear whether it seeks to confirm an award or simply pursue judgment based on Mahinay's failure to pay. We need not consider this issue, however, because even if the action is time-barred, this would be an affirmative defense rather than a jurisdictional barrier. *See* TEX.R. CIV. P. 94; *Mauldin v. MBNA Am. Bank, N.A.*, No. 2–07–208–CV, 2008 WL 4779614, at *3–4 (Tex.App.-Fort Worth, no pet.) (mem.op.).